UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

LEROY BUTLER,

           Petitioner,           Case No. 2:21-cv-79

v.                                            Honorable Janet T. Neff

CATHERINE BAUMAN,

           Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

**Discussion**

**I.      Factual Allegations**

Petitioner Leroy Butler is incarcerated with the Michigan Department of Corrections at the Newberry Correctional Facility (NCF) in Newberry, Luce County, Michigan. On March 6, 2019, Petitioner pleaded *nolo contendere* in the Muskegon County Circuit Court to charges in two cases. In Case Number 18-004489 (the "assault case"), Petitioner entered his *nolo contendere* plea to charges of felonious assault, in violation of Mich. Comp. Laws § 750.82, felon in possession of a firearm (felon-in-possession), in violation of Mich. Comp. Laws § 750.224f, and use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. In Case Number 18-005155-FC (the "perjury case"), Petitioner entered his *nolo contendere* plea to a charge of perjury in connection with a prosecutor's investigative subpoena, in violation of Mich. Comp. Laws § 767A.9. On April 10, 2019, the court sentenced Petitioner as a third habitual offender, Mich. Comp. Laws § 769.11, to a prison term of 4 years, 3 months to 20 years in the perjury case, to run concurrently with a consecutive string of sentences from the assault case. That consecutive string was comprised of concurrent sentences of 1 to 10 years on the felon-in-possession conviction and 1 to 8 years on the felonious assault conviction, to be served consecutively to a sentence of 2 years for felony-firearm.

On April 15, 2021, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on April 15, 2021. (Pet., ECF No. 1, PageID.14.)

**II.      Statute of Limitations**

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The petition indicates that Petitioner appealed his convictions and sentences to the Michigan Court of Appeals. (Pet., ECF No. 1, PageID.2.) Petitioner raised one issue: "Whether The Michigan Court of Appeals denied Mr. Butler the right to meaningful allocution by failing to ascertain evidence of the causes of Mr.

3

Butler's criminal character or conduct." (Pet., ECF No. 1, PageID.2; ECF No. 1-1, PageID.22.)[1] The Michigan Court of Appeals denied leave by order entered November 7, 2019, "for lack of merit in the grounds presented." (Mich. Ct. App. Order, ECF No. 1-1, PageID.21.) Petitioner did not seek leave to appeal that decision to the Michigan Supreme Court. (Pet., ECF No. 1, PageID.2–3); *see also* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=350870&CourtType_CaseNumber=2 (visited Apr. 24, 2021).  It necessarily follows that if Petitioner did not pursue his appeal to the Michigan Supreme Court, he also did not file a petition for certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (noting that the Supreme Court can review only judgments of a state's highest court).

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added).  However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court.  *See Gonzalez*, 565 U.S. at 152-53 (holding that where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).

Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court.  *See* Mich. Ct. R. 7.305(C)(2).  Accordingly, Petitioner's conviction

---

[1] Petitioner has raised several additional issues in handwritten memoranda attached to his petition. (ECF No. 1-1, PageID.18–20; ECF No. 1-2, PageID.25–27.)

became final on January 3, 2020, 56 days after the court of appeals issued its order denying leave to appeal. Petitioner had one year from January 3, 2020, or until January 3, 2021, in which to file his habeas application. Because January 3, 2021, was a Sunday, Petitioner had until Monday, January 4, 2021, to file his petition.[2] Petitioner filed on April 15, 2021. Absent tolling, Petitioner filed more than one year and three months after his conviction and sentence became final and his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner has not filed any applications for post-conviction relief. (Pet., ECF No. 1, PageID.3.)

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[2] Under Federal Rule of Civil Procedure 6(a)(1), the day Petitioner's conviction became final does not count, the last day of the period counts, and if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. The extension at the end of the period if the Court is closed appears to be premised on an inability to file on those days. For a prisoner whose application is filed when it is handed to prison officials for mailing, the application can be "filed" any day of the week and on holidays. Nonetheless, the Court has afforded Petitioner the entirety of the extension provided by application of the rule.

stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Apparently recognizing that his petition was late, Petitioner offered the following explanation of why his petition was not timely filed: "because of COVID-19 pandemic I was denied meaningful access to the law library." (Pet., ECF No. 1, PageID.13.) There can be little question that the COVID-19 pandemic is an extraordinary circumstance; but Petitioner's brief explanation does not suffice to explain how the pandemic stood in his way and prevented timely filing. Petitioner's claim that he did not have complete access to the law library is not a compelling explanation. His petition does not depend upon any citation to cases or statutes. The form petition that he is required to use states: "Answer all questions. You do not need to cite law." Form Petition for Relief From a Conviction or Sentence By a Person in State Custody, available at https://www.miwd.uscourts.gov/sites/miwd/files/habeas.pdf (visited Apr. 24, 2021). And dozens and dozens of prisoners have timely filed habeas petitions despite the same barriers that Petitioner faced because of the pandemic.

Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

Even if Petitioner's limited access to the law library because of the pandemic is deemed an extraordinary circumstance that prevented timely filing, Petitioner must also show that

6

he has been pursuing his rights diligently. There is nothing in the petition or the documents Petitioner attaches to the petition that demonstrates the necessary diligence.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred. The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated: May 6, 2021 /s/ Janet T. Neff
Janet T. Neff
United States District Judge